IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| TRAVIS JAMES TOLAN,<br><br>Plaintiff,<br><br>vs.<br><br>YELLOWSTONE COUNTY, et al.,<br><br>Defendants. | CV 20-02-BLG-SPW-TJC<br><br>**FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |

Plaintiff Travis James Tolan ("Tolan") brings this action alleging claims under 42 U.S.C. § 1983 and Montana law against Defendants Yellowstone County (the "County"), the Yellowstone County Sheriff's Office ("YCSO"), Sheriff Mike Linder ("Linder"), Deputy Tyler Sennett ("Sennett"), and Deputy Brendan Trujillo ("Trujillo"). (Doc. 1.)

Presently before the Court is Defendants' Motion for Partial Judgment on the Pleadings. (Doc. 22.) The motion has been referred to the undersigned under 28 U.S.C. § 636(b)(1)(B), and is fully briefed and ripe for the Court's review.

Having considered the parties' submissions, the Court **RECOMMENDS** Defendants' Motion be **GRANTED**.

**I.     BACKGROUND**

January 21, 2018, a friend of Tolan called 911 to report they feared Tolan was suicidal due to Facebook posts. Yellowstone County Sheriff's

1

Deputies Sennett and Trujillo were dispatched to Tolan's address to conduct a welfare check. Sennett and Trujillo were advised by dispatch that Tolan may be suicidal, and might have a gun at his residence.

Sennett and Trujillo arrived at Tolan's residence at approximately 6:35 a.m., while it was still dark. Tolan alleges neither deputy had their emergency lights or sirens turned on when they arrived at his residence. Sennett and Trujillo approached the door of Tolan's residence on foot, and used their flashlights to look through the blinds to see if anyone was inside. Not seeing anyone, Sennett then stepped onto the porch and knocked on the door. Trujillo remained off the porch. Tolan alleged neither deputy announced themselves before or while knocking on the door.

Tolan asserts he was not aware that law enforcement had been called, and was not expecting any visitors. Because he was fearful of who might be at his door in the pre-dawn hours, he armed himself with a Smith & Wesson .45 handgun and opened the door. As Tolan opened the door, Trujillo saw the firearm, then drew his own firearm and shot at Tolan. Sennett also drew his firearm and shot at Tolan. Sennett and Trujillo fired a total of four shots, hitting Tolan once in the abdomen. Tolan was seriously injured, but survived. A subsequent investigation confirmed that Tolan had not discharged his firearm.

On January 20, 2020, Tolan filed this lawsuit. (Doc. 1.) Tolan has alleged an individual excessive force claim under 42 U.S.C.§ 1983 against each of the Defendants (Count I), a *Monell* claim against the YCSO and Linder (Count II), a negligence claim against all of the Defendants (Count III) and a claim for assault and battery against all Defendants (Count IV). (*Id.*)

Defendants now move for partial judgment on the pleadings as to: (1) the claim in Count I against the County, the YCSO and Linder; (2) the claim in Count II against the YCSO and Linder; and (3) the claim in Count III against the YCSO, Linder, Trujillo and Sennett. (Doc. 22.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed.R.Civ.P. 12(c). A Rule 12(c) motion is "functionally identical" to a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *Cafasso, United States ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011). Thus, the same legal standard "applies to motions brought under either rule." *Id.*

"Dismissal under Rule 12(b)(6) is proper only when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a

On January 20, 2020, Tolan filed this lawsuit. (Doc. 1.) Tolan has alleged an individual excessive force claim under 42 U.S.C.§ 1983 against each of the Defendants (Count I), a *Monell* claim against the YCSO and Linder (Count II), a negligence claim against all of the Defendants (Count III) and a claim for assault and battery against all Defendants (Count IV). (*Id.*)

Defendants now move for partial judgment on the pleadings as to: (1) the claim in Count I against the County, the YCSO and Linder; (2) the claim in Count II against the YCSO and Linder; and (3) the claim in Count III against the YCSO, Linder, Trujillo and Sennett. (Doc. 22.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed.R.Civ.P. 12(c). A Rule 12(c) motion is "functionally identical" to a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *Cafasso, United States ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011). Thus, the same legal standard "applies to motions brought under either rule." *Id.*

"Dismissal under Rule 12(b)(6) is proper only when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a

cognizable legal theory." *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)).  The Court's standard of review under Rule 12(b)(6) is informed by Rule 8(a)(2), which requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–678 (2009) (quoting Fed. R. Civ. P 8(a)).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  A plausibility determination is context specific, and courts must draw on judicial experience and common sense in evaluating a complaint.  *Levitt v. Yelp! Inc.*, 2014 WL 4290615, *10 (9th Cir. 2014).

### III. ANALYSIS

    **A.  The Claims in Count I Against the County, the YCSO and Linder Should be Dismissed**

Defendants argue the individual § 1983 Claims in Count I against the County, the YCSO and Linder should be dismissed because there is no legal basis for the claims against the County and the YCSO and no factual basis for the claim against Linder.  (Doc. 23.)  Tolan concedes the claim should be dismissed against

4

these Defendants.  (Doc. 27 at 2.)

Accordingly, the Court recommends the claim in Count I against the County, the YCSO and Linder be dismissed.  The Claim in Count I against Trujillo and Sennett should be allowed to proceed.

### B.   The Claim in Count II Should be Dismissed with Leave to Amend

Defendants next argue the *Monell* claim in Count II should be dismissed because there is no legal basis for the claim against the YCSO or Linder. Defendants acknowledge that the claim could be brought against the County, but argue, that as currently pled, the Complaint lacks adequate specificity.  (Doc. 23.) Tolan agrees that the claim in Count II should only apply to the County.  (Doc. 27 at 2.)  Therefore, Tolan concedes the claim should be dismissed against the YCSO and Linder, and requests the Court permit leave to amend to re-assert the *Monell* claim against the County.

Accordingly, the Court recommends Count II be dismissed with leave to amend.

### C.   The Claim in Count III Against the YCSO, Linder, Sennett, and Trujillo Should be Dismissed

Defendants argue no legal basis exists for the negligence claim in Count III against the YCSO.  Defendants further argue Linder, Sennett and Trujillo are immune from the negligence claim under Montana Code Ann. § 2-9-305(5).  (Doc. 23.)  Tolan concedes the claim is not properly asserted against the YCSO.  (Doc.

5

27 at 2.) Tolan, however, opposes dismissal of the claim against Linder, Sennett or Trujillo. (*Id.*) Tolan argues § 2-9-305(5) was not intended to provide government employees with immunity from suit.

> Montana Code Ann. § 2-9-305(5) provides:
>
> Recovery against a governmental entity under the provisions of parts 1 through 3 of this chapter constitutes a complete bar to any action or recovery of damages by the claimant, by reason of the same subject matter, against the employee whose negligence or wrongful act, error, omission, or other actionable conduct gave rise to the claim. In an action against a governmental entity, the employee whose conduct gave rise to the suit is immune from liability by reasons of the same subject matter if the governmental entity acknowledges or is bound by a judicial determination that the conduct upon which the claim is brought arises out of the course and scope of the employee's employment, unless the claim constitutes an exclusion provided in subsections (6)(b) through (6)(d).

Mont. Code Ann. § 2-9-305(5).

Tolan argues §2-9-305(5) does not provide immunity from suit, but rather only applies after there has been recovery against a governmental entity. Tolan relies on *Story v. City of Bozeman*, 856 P.2d 202 (1993) in support of his argument. But the Montana Supreme Court has since expressly held "[§] 2-9-305(5), MCA, serves as a complete bar to holding [individual employees] liable because it provides immunity from suit to individually-named defendants for actions performed within the course and scope of the official's employment." *Griffith v. Butte School Dist.* 244 P.3d 321, 335 (Mont. 2010). *See also Germann v. Stephens*, 137 P.3d 545, 553 (Mont. 2006) ("The explicit grant of immunity in the

6

second sentence of § 2-9-305(5), MCA, belies [the plaintiff's] contention that the statute serves merely as an anti-double recovery statute."); *Kiely Constr., LLC v. City of Red Lodge*, 57 P.3d 836, 855 (Mont. 2002) ("[W]e conclude the first sentence of § 2-9-305(5), MCA, is on its face, a complete bar to holding the individual council members liable.").

Recent authority from this district has likewise recognized that §2-9-305(5) provides immunity from suit. *See e.g. Marten v. Haire*, 2019 WL 1858504, *3 (D. Mont. April 25, 2019) (rejecting argument that §2-9-305(5) only provides immunity from recovery if the State is ordered to pay damages and does not provide immunity from suit); *Estate of Ramirez v. City of Billings*, 2019 WL 366894 (D. Mont. Jan. 30, 2019) (same); *Todd v. Baker*, 2012 WL 1999529, *13 (D. Mont. June 4, 2012) (finding law enforcement officers entitled to immunity under §2-9-305(5) at summary judgment stage); *Russo-Wood v. Yellowstone Cty.*, 2019 WL 1102680, *7 (D. Mont. March 7, 2019) (same); *Estate of O'Brien v. City of Livingston*, 2020 WL 2477640, *8-9 (D. Mont. Jan. 22, 2020) *findings and recommendation adopted by* 2020 WL 1150152 (D. Mont. March 10, 2020) (same).

In order for immunity to attach under § 2-9-205(5), the plaintiff must (1) name a governmental entity as a defendant, and (2) the governmental entity must acknowledge or be bound by a judicial determination that the employee's conduct

upon which the claim was brought arose out of the course and scope of his employment. Mont. Code Ann. § 2-9-205(5).

Here, Yellowstone County, a government entity, is a named defendant. All of Tolan's allegations against Linder, Sennett and Trujillo are based on actions they performed while in the course and scope of their employment as law enforcement officers. The County has also acknowledged that Linder, Sennett and Trujillo were acting in the course and scope of their employment as related to the shooting. (Docs. 12 at 12; Doc. 28 at 3.) No evidence suggests Linder, Sennett or Trujillo were acting outside their roles as law enforcement officers at any time relevant to Tolan's claims. Consequently, Linder, Sennett and Trujillo are immune under § 2-9-205(5) from individual liability on the claim in Count III.

Tolan argues a "host of problems," including questions about the admissibility of evidence and trial procedures, will arise if Sennett and Trujillo are granted statutory immunity under § 2-9-205(5). (Doc. 27 at 5-6.) The Court finds Tolan's concerns conjectural and largely academic because Sennett and Trujillo will remain defendants under Count I. The Court, therefore, declines to issue an advisory opinion at this stage in the litigation. To the extent Tolan's concerns do develop into issues ripe for adjudication, Tolan may file a motion in limine at the appropriate time.

/ / /

Accordingly, the Court recommends the claim in Count III against Linder, Sennett and Trujillo be dismissed. The Claim in Count III against the County should be permitted to proceed.

## IV. CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that Defendants' Motion for Partial Judgment on the Pleadings (Doc. 22) be **GRANTED** as set forth above.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendations of United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after service hereof, or objection is waived.

**IT IS ORDERED**.

DATED this 19th day of January, 2021.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge

Accordingly, the Court recommends the claim in Count III against Linder, Sennett and Trujillo be dismissed. The Claim in Count III against the County should be permitted to proceed.

## IV. CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that Defendants' Motion for Partial Judgment on the Pleadings (Doc. 22) be **GRANTED** as set forth above.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendations of United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after service hereof, or objection is waived.

**IT IS ORDERED**.

DATED this 19th day of January, 2021.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge